Filed 12/16/15  Santos v. Wells Fargo Bank CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| WILLY SANTOS et al., | D066998 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2013-00064706-CU-BC-CTL) |
| WELLS FARGO BANK, N.A., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan M. Lewis, Judge.  Affirmed.

Law Offices of Yasmine Djawadian and Yasmine Djawadian for Plaintiffs and Appellants.

Severson & Werson, Jan T. Chilton and Kerry W. Franich for Defendant and Respondent.

I.

INTRODUCTION

California courts have repeatedly applied the "universal rule that the failure to disclose a potential lender liability claim in a bankruptcy action precludes subsequent prosecution of such an action." (*Conrad v. Bank of America* (1996) 45 Cal.App.4th 133, 151 (*Conrad*); see, e.g., *Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602 (*Hamilton*), *Billmeyer v. Plaza Bank of Commerce* (1995) 42 Cal.App.4th 1086.) In such an instance, the debtor who failed to disclose the lender liability claim in the bankruptcy proceeding, and thereby deprived the bankruptcy trustee of the right to pursue the action, is judicially estopped from asserting the claim once the bankruptcy plan has been confirmed. (See *Hamilton*, *supra*, at p. 1610.)

Appellants Willy and Shalihe Santos ("the Santoses") sued their lender, respondent Wells Fargo Bank, N.A. (Wells Fargo), as well as another entity, NDEX West, LLC.[1] In a first amended complaint, the Santoses brought claims for breach of oral contract, promissory estoppel, and breach of the covenant of good faith and fair dealing against Wells Fargo. Wells Fargo demurred to the first amended complaint on several grounds, including that all of the Santoses' claims are barred by the doctrine of judicial estoppel. In support of this argument, Wells Fargo requested that the trial court take judicial notice of documents demonstrating both that the Santoses failed to

---

[1] Wells Fargo is the only respondent on appeal.

list any claims against Wells Fargo in their bankruptcy filings, and that the bankruptcy court had confirmed the Santoses' bankruptcy plan. The trial court granted the unopposed request for judicial notice and sustained Wells Fargo's demurrer without leave to amend on numerous grounds, including that the action was barred by the doctrine of judicial estoppel. The court subsequently entered a judgment of dismissal in favor of Wells Fargo.

On appeal, the Santoses claim that the trial court erred in sustaining the demurrer without leave to amend. The Santoses contend that the trial court erred in concluding that their claims are barred by the doctrine of judicial estoppel. They also claim that the matter should be remanded to the trial court with directions that the court permit them leave to amend their complaint to allege an unfair competition cause of action. We conclude that the trial court properly sustained the demurrer without leave to amend because all of the claims alleged in the first amended complaint are barred by the doctrine of judicial estoppel. We further conclude that the Santoses are judicially estopped from asserting a proposed unfair competition cause of action. Accordingly, we affirm the judgment.[2]

---

2    In light of our conclusion, we need not consider any of the other grounds on which the trial court sustained Wells Fargo's demurrer, nor need we consider the Santoses' claims pertaining to these grounds.

3

II.

FACTUAL AND PROCEDURAL BACKGROUND

A.     *The first amended complaint*

The Santoses alleged that in January 2010, a representative of Wells Fargo entered into an oral "trial loan modification" agreement with them pertaining to a loan on their home (the Property). The Santos further alleged that in April 2010, Wells Fargo breached this agreement by failing to enter into a permanent loan modification, notwithstanding the fact that the Santoses had fulfilled all of their obligations under the trial loan modification agreement. The Santoses contended that Wells Fargo's failure to enter into a permanent loan modification under these circumstances gave rise to claims for breach of an oral contract, promissory estoppel and breach of the covenant of good faith and fair dealing.

B.     *Wells Fargo's demurrer to the first amended complaint*

Wells Fargo demurred to the complaint on several grounds, including that all of the Santoses' causes of action are barred by the doctrine of judicial estoppel. Wells Fargo argued that the Santoses failed to disclose *any* of their claims against Wells Fargo in the Santoses' bankruptcy schedules, despite the fact that all of the facts giving rise to the Santoses' claims in this action *preceded* their filings in the bankruptcy court. Wells Fargo also argued that the Santoses had indicated that they would surrender the Property to Wells Fargo in their bankruptcy plan, while in this action they sought to enjoin foreclosure proceedings. Wells Fargo further argued that the bankruptcy court

4

had relied on the Santoses' representations in confirming the Santoses' bankruptcy plan.

C.     *Wells Fargo's request for judicial notice*

Wells Fargo filed a request for judicial notice in support of its demurrer and requested that the trial court take judicial notice of various documents, including the following documents from the Santoses' bankruptcy proceeding:  the Santoses' Chapter 13 bankruptcy petition, their bankruptcy schedules, their original and amended bankruptcy plans, and the bankruptcy court's confirmation of the Santoses' amended bankruptcy plan.

D.     *The Santoses' opposition to the demurrer*

The Santoses filed an opposition in which they maintained that the issues in this case and those in the bankruptcy case are "entirely distinguishable," and that they did "nothing . . . in the bankruptcy case that was intentional or misleading."  The Santoses also argued that they had every "right to file for bankruptcy and adjust their debts," and to also "adjudicate their rights against Defendants."  The Santoses suggested that the doctrine of judicial estoppel should not apply because the bankruptcy court did not rely on any of their allegedly inconsistent representations.

E.     *The trial court's order sustaining the demurrer without leave to amend*

After Wells Fargo filed a reply, and the trial court held a hearing on the demurrer, the trial court issued an order granting Wells Fargo's unopposed request for judicial notice and sustaining the demurrer without leave to amend.  The trial court

sustained the demurrer without leave to amend on several grounds, including that the "doctrine of judicial estoppel bar[s] this action."

F.     *The judgment and the Santoses' appeal*

The trial court entered a judgment of dismissal in favor of Wells Fargo, from which the Santoses timely appeal.

III.

DISCUSSION

A.     *The trial court properly sustained Wells Fargo's demurrer without leave to amend on the ground that the Santoses' lender liability claims are barred by the doctrine of judicial estoppel*

The Santoses claim that the trial court erred in concluding that their lender liability claims are barred by the doctrine of judicial estoppel and in sustaining Wells Fargo's demurrer on that ground.

1.     *Governing law*

a.     *The law governing the review of orders sustaining a demurrer without leave to amend*

In *Hamilton*, *supra*, 195 Cal.App.4th at pages 1608-1609, the court outlined the following well-established law governing the review of an order sustaining a demurrer without leave to amend:

> "A demurrer tests the legal sufficiency of the complaint. We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action. For purposes of review, we accept as true all material facts alleged in the complaint, but not contentions, deductions or conclusions of fact or law. We also consider matters that may be judicially noticed. [Citation.] When a demurrer is sustained without leave to amend, 'we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.' [Citation.] Plaintiff has the burden to show a reasonable possibility the complaint can be amended to state a cause of action." (Fn. omitted.)

6

b. *Judicial estoppel and post-bankruptcy lender liability claims*

"The doctrine of judicial estoppel, sometimes called the doctrine of ' " 'preclusion of inconsistent positions' " ' [citation], ' " 'precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position. [Citations.] The doctrine's dual goals are to maintain the integrity of the judicial system and to protect parties from opponents' unfair strategies. [Citation.] Application of the doctrine is discretionary.' " [Citation.] The doctrine applies when "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." ' " (*Blix Street Records, Inc. v. Cassidy* (2010) 191 Cal.App.4th 39, 47.)

" 'Courts of various jurisdictions have held that a debtor's assertion [in a civil action] of legal claims not disclosed in earlier bankruptcy proceedings constitutes an assumption of inconsistent positions. . . . This holding stems from the requirement that a debtor seeking the shelter provided by federal bankruptcy laws disclose all legal or equitable property interests to a bankruptcy court. . . . [¶] The omission of a cause of action or claim "from . . . mandatory bankruptcy filings is tantamount to a representation that no such claim existed." ' " (*Gottlieb v. Kest* (2006) 141 Cal.App.4th 110, 137 (*Gottlieb*).)

7

This rule "has been applied by California courts." (*Hamilton*, *supra*, 195 Cal.App.4th at p. 1610.) Thus, " ' "courts that have considered the effect of a debtor's failure to disclose a potential lender-liability lawsuit in a bankruptcy proceeding have universally held that the debtor is equitably estopped, judicially estopped or barred by res judicata from bringing the action after confirmation of the bankruptcy reorganization plan." ' " (*Ibid.*) For example, in *Hamilton*, the court concluded that a "borrower's failure to disclose, in earlier bankruptcy proceedings, the existence of his breach of contract and fraud claims against the lender bars the borrower from litigating those claims now." (*Id.* at p. 1605.) The *Hamilton* court reasoned in part:

> "Here, plaintiff Henry Hamilton declared under penalty of perjury that the [bankruptcy] schedules he filed were true and correct, and he failed to list his claim against the bank, one of his principal creditors, in answer to an express question about counterclaims and setoffs. The complaint shows the events on which plaintiffs base their fraud and breach of contract claims against the bank occurred many months before plaintiff filed his bankruptcy proceeding, so he must have known of the facts allegedly justifying the claim, yet he failed to disclose the claim." (*Id.* at p. 1614.)

2.     *Application*

Wells Fargo established that each of the elements of the doctrine of judicial estoppel was present so as to bar the Santoses' claims in the first amended complaint against Wells Fargo. The Santoses took inconsistent positions in two different judicial proceedings. In July 2012, the Santoses filed a bankruptcy schedule in which they were required to list "contingent and unliquidated claims of every nature . . . ." The Santoses indicated that they had no such claims. Further, in their October 2012 amended bankruptcy plan, the Santoses stated that they would surrender the Property to Wells Fargo in full satisfaction of the debt they owed.

8

Notwithstanding these representations in the bankruptcy court, the Santoses have taken directly contrary positions in this case: first, by alleging three causes of action against Wells Fargo, and second, by seeking to enjoin Wells Fargo from foreclosing on the Property.

In addition, the bankruptcy court relied on the Santoses' representations that they had no claims against Wells Fargo and that they would surrender the Property to Wells Fargo when it confirmed their amended chapter 13 plan. (See *Hamilton*, *supra*, 195 Cal.App.4th at p. 1610 [confirmation of debtor's bankruptcy plan is an acceptance of debtor's position sufficient to trigger application of judicial estoppel]; *Gottlieb*, *supra*, 141 Cal.App.4th at p. 141 [same].)

Finally, all of the actions on which the Santoses base their complaint in this case arose in 2010 and 2011, *before* they filed their bankruptcy schedules and amended plan in 2012. Further, the bankruptcy court confirmed the Santoses' bankruptcy plan in June 2013, just two months before the Santoses filed this action in August 2013.

Under these circumstances, the "universal rule that the failure to disclose a potential lender liability claim in a bankruptcy action precludes subsequent prosecution of such an action" (*Conrad*, *supra*, 45 Cal.App.4th at p. 151) fully applies, and the doctrine of judicial estoppel bars the claims that the Santoses assert in the first amended complaint.

The Santoses' arguments to the contrary are, to put it charitably, not persuasive. First, the Santoses contend that Wells Fargo relied solely on federal law in the trial court. This claim is unpersuasive since California law relies heavily on federal law in

9

this context (see, e.g., *Hamilton*, *supra*, 195 Cal.App.4th at pp. 1609-1614 [discussing and relying on federal case law]; *Gottlieb*, *supra*, 141 Cal.App.4th at pp. 139-141 [same]). In any event, Wells Fargo cited California authority, including *Hamilton*, in its reply brief in the trial court.

The Santoses also repeat the conclusory assertions that they made in the trial court to the effect that they did nothing more than file for bankruptcy and list the Property as collateral. As discussed above, in the bankruptcy proceeding, the Santoses failed to list their claims against Wells Fargo. In addition, the Santoses affirmatively represented to the bankruptcy court that they would surrender the Property.

The Santoses contend that *Gottlieb* is "very similar" to this case and note that the *Gottlieb* court concluded that the doctrine of judicial estoppel did not apply in that case because the "creditors were not harmed as the bankruptcy case was dismissed without a confirmation of a plan of reorganization." (Citing *Gottlieb*, *supra*, 141 Cal.App.4th at pp. 138-139.) However, in this case, unlike in *Gottlieb*, the Santoses' amended bankruptcy plan *was* confirmed by the bankruptcy court. Indeed, *Gottlieb* makes clear that a bankruptcy court's confirmation of a debtor's bankruptcy plan may constitute sufficient acceptance of the debtor's position to estop the debtor from asserting an inconsistent position in subsequent litigation.[3] (*Gottlieb*, *supra*, at pp. 139-140.)

---

[3] Further, while the Santoses claim that they "can plead that no determination on the merits was made during the bankruptcy proceedings," they do not dispute that their amended plan was confirmed and do not distinguish California case law holding that such confirmation constitutes a sufficient determination on the merits to trigger the doctrine of judicial estoppel.

The Santoses also claim that there are "new facts" that would "eviscerate" Wells Fargo's judicial estoppel argument. In support of this contention, the Santoses note that at the demurrer hearing, their attorney explained that she recently learned from the Santoses' bankruptcy counsel that the Santoses had been " 'trying to work with' " Wells Fargo on another loan modification during their bankruptcy proceedings. This argument fails because the Santoses do not explain why they never amended their bankruptcy plan to state that they did not intend to surrender the Property. Nor does this new fact address the Santoses' failure to list their causes of action against Wells Fargo in their bankruptcy schedule.

Finally, the Santoses assert that they can "plead facts that show that they intended to maintain their home and did not take inconsistent positions." Such a conclusory assertion does not sufficiently demonstrate how they could amend their complaint to avoid the application of the doctrine of judicial estoppel. (See *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43 [to satisfy his burden of demonstrating a reasonable possibility of amendment on appeal from an order sustaining a demurrer, "a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading' "].)

Accordingly, we conclude that the trial court properly sustained Wells Fargo's demurrer without leave to amend on the ground that the Santoses' lender liability claims are barred by the doctrine of judicial estoppel.

B.      *The Santoses are judicially estopped from asserting their proposed claim for unfair competition*

The Santoses contend that the judgment should be reversed and the matter remanded to the trial court so that they can allege a new cause of action for unfair competition (Bus. & Prof. Code, § 17200) against Wells Fargo, based on the same alleged misrepresentations that formed the basis of the claims they allege in their first amended complaint.  The Santoses acknowledge that the alleged facts that would form the basis of this proposed unfair competition claim "are inevitably intertwined with the facts alleged in the [first amended complaint] regarding [Wells Fargo's] promises and actions during the loan modification."  For the same reasons that we have set forth in part III.A. *ante*, with respect to the claims contained in the first amended complaint, the Santoses are judicially estopped from asserting their proposed claim for unfair competition.

Accordingly, we conclude that the Santoses are not entitled to a reversal of the judgment and a remand in order to permit them to assert a claim for unfair competition.

12

IV.

DISPOSITION

The judgment is affirmed.  Wells Fargo is entitled to recover its costs on appeal.


AARON, J.

WE CONCUR:

HUFFMAN, Acting P. J.

PRAGER, J.[*]

---

[*]     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13